UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ADRIAN C. GILLIARD,<br>  Appellant, | DOCKET NUMBER<br>DA-0714-18-0143-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>  AFFAIRS,<br>  Agency. | DATE:  November 29, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adrian C. Gilliard, Groesbeck, Texas, pro se.

Sean A. Safdi, Esquire, Denver, Colorado, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as settled.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The agency removed the appellant from his GS-5 Contact Representative position for inappropriate conduct and failure to follow leave requesting procedures. Initial Appeal File (IAF), Tab 8 at 11-14. He appealed his removal to the Board alleging procedural error and discrimination based on disability. IAF, Tab 1. While the appeal was pending, the parties entered into a settlement agreement, in which the appellant agreed, among other things, to withdraw his appeal and to provide the agency medical documentation regarding his post-traumatic stress disorder and any other qualifying disability within 45 days of signing the agreement. IAF, Tab 14 at 6. In exchange, the agency agreed to change the reason for his removal from "removal for conduct" to "removal for medical inability to perform" and to not controvert his claim for disability retirement with the Office of Personnel Management. *Id.* at 6-7. The appellant further agreed that, if he failed to submit the required medical documentation within 45 days, he waived the right to challenge his removal and "removal for conduct" would remain the reason for his removal. *Id.* at 6. The settlement agreement provided that it constituted the "entire agreement" and that it could be

"modified only by a written agreement signed by Appellant . . . and the authorized representative of Agency." *Id.* at 7. It further provided the following:

> Solely as to any claim of discrimination based on age, 40 years or older, Agency and Appellant agree that this Agreement complies with the Requirements of the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act. In particular, Appellant is hereby advised of the following . . . he has seven (7) days from the date that all Parties have signed this Agreement to revoke this Agreement.

*Id.* at 8-9 (emphasis in original). The agency official signed the agreement on March 2, 2018, and the appellant signed it on March 5, 2018. *Id.* at 9.

¶3 In an initial decision dated March 5, 2018, the administrative judge found that the agreement was lawful on its face and that the parties understood its terms and freely entered into it. IAF, Tab 15, Initial Decision (ID) at 1. Pursuant to the terms of the agreement, the administrative judge entered it into the record for purposes of enforcement by the Board. *Id.*; IAF, Tab 14 at 8. She then dismissed the appeal as settled. ID at 2.

¶4 On April 4, 2018, the appellant filed a petition for review of the initial decision. Petition for Review (PFR) File, Tab 1. He states that he revoked the settlement agreement on March 9, 2018, and provided a copy of an unsigned, handwritten note dated March 7, 2018, stating that he wished to revoke the settlement agreement. *Id.* at 2, 5. In addition, he appears to argue that the settlement agreement was invalid and should be set aside. *Id.* at 2-4. In response, the agency argues that the revocation clause in the settlement agreement applied only to claims of age discrimination, which are not raised in this appeal, and that the appellant has failed to provide any basis for setting aside the settlement agreement. PFR File, Tab 3.

## ANALYSIS

¶5 A settlement agreement is a contract, the interpretation of which is a matter of law. *Jackson v. Department of the Army*, 123 M.S.P.R. 178, ¶ 6 (2016). In

construing a settlement agreement, the Board "assign[s] to words their ordinary and commonly accepted meaning unless it is shown that the parties intended otherwise." *Id.* (quoting *Perry v. Department of the Army*, 992 F.2d 1575, 1579 (Fed. Cir. 1993)). Here, as noted above, the settlement provided that the appellant could revoke the agreement within 7 days "[s]olely as to any claim of discrimination based on age, 40 years or older." IAF, Tab 14 at 8-9 (emphasis in original). Thus, pursuant to the plain language of the agreement, the appellant could revoke his agreement to waive his age discrimination claims within 7 days. *Id.* However, the appellant has not raised any age discrimination claim. The agreement does not contain any provision permitting the appellant to revoke the settlement agreement with respect to his other, non-age discrimination claims, IAF, Tab 14, and the settlement agreement therefore remains in effect despite his attempt to revoke it.[2]

¶6        A party may challenge the validity of a settlement agreement if he believes that it is unlawful, involuntary, or the result of fraud or mutual mistake. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013). To establish that a settlement was fraudulent as a result of coercion or duress, a party must prove that he involuntarily accepted the other party's terms, that circumstances permitted no other alternative, and that such circumstances were the result of the other party's coercive acts. *Id.* To establish that a settlement agreement resulted from fraud based on misinformation from the agency, the appellant must show that the agency knowingly concealed a material fact or intentionally misled him. *See Harris v. Department of Veterans Affairs*, 142 F.3d 1463, 1468 (Fed. Cir. 1998). The party challenging the validity of the settlement agreement bears a heavy burden. *Hinton*, 119 M.S.P.R. 129, ¶ 4. An appellant's

_____

[2] Even if the appellant could revoke the entire settlement agreement, he has not provided any evidence showing that he complied with the revocation provision by sending a written request to the Office of Chief Counsel—Continental District West at the address provided. PFR File, Tab 1; IAF, Tab 14 at 9.

mere post-settlement remorse or change of heart cannot serve as a basis for setting aside a valid settlement agreement. *Id.*

¶7     Here, the appellant alleges that the agency used "high pressure ta[c]tic[s]" and made "erroneous statements" to coerce him to sign the agreement. PFR File, Tab 1 at 2. He also argues that the agency "reworded" part of the settlement agreement at an unspecified time. *Id.* He further argues that the agency provided him misinformation regarding the handling of his equal employment opportunity complaint. *Id.* at 2-3. These vague and unsupported allegations, however, are insufficient to meet the appellant's heavy burden of showing that the settlement agreement is invalid. *See Hinton*, 119 M.S.P.R. 129, ¶ 4.

¶8     The appellant also argues that 45 days was not enough time to obtain the medical documentation, that the agency did not inform him where to send his medical documentation, and that the agency did not reasonably accommodate him. PFR File, Tab 1 at 3. Even if true, however, these arguments provide no basis to set aside the settlement agreement because they do not establish, or even suggest, that the agreement was unlawful, involuntary, or the result of fraud or mutual mistake. *See Hinton*, 119 M.S.P.R. 129, ¶ 4.

¶9     In light of the foregoing, we find that the appellant has not shown any basis to set aside the settlement agreement. Thus, the administrative judge properly dismissed the appeal as settled.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.



FOR THE BOARD:

Jennifer Everling

_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.